# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHECKERS DRIVE-IN RESTAURANT, INC.,

    Plaintiff,

v.                                           CASE NO: 8:06-cv-367-T-26TGW

TITAN HOLDINGS, LLC, and MARK MITCHELL,

    Defendants.
_____/

## O R D E R

The Court considers this case *sua sponte* pursuant to the provisions of Local Rule 1.02(e). After doing so, the Court concludes that the case should be transferred to the Orlando Division of the Middle District of Florida.

Plaintiff, which has its principal place of business in Tampa, Florida, has sued Defendants, who have their principal place of business and residence in Michigan, for breach of contract, trademark infringement, trade dress infringement, unfair competition, and injunctive relief with respect to Defendants' continued operation of 62 Checkers drive-in restaurants after Plaintiff severed its franchise relationship with Defendants. According to Plaintiff's complaint, these restaurants are "geographically concentrated in and around three areas, although actually located in numerous counties: 1) Florida's East Coast, 2) Central Florida, and 3) the Alabama/Mississippi/Florida Gulf Coast."[1] Attached to the complaint as exhibits are the

---

[1] See complaint, page 2, paragraph 3.

franchise agreements at issue which contain the geographic locations of each of the restaurants. With respect to the first and third areas, none are located within the Middle District. With respect to the second area, two are located within the Northern District of Florida, seven are located in counties comprising the Ocala Division,[2] and seventeen are located within counties comprising the Orlando Division.[3] None are located within counties comprising the Tampa Division.[4]

Consequently, because it appears that the Orlando Division has the greatest nexus to Plaintiff's claims after giving due regard to the places where the claims arose and the residence or principal places of business of the parties, Plaintiff should have instituted this case in that division. Accordingly, it is ordered and adjudged as follows:

1) The Clerk is directed to transfer this case to the Orlando Division for all further proceedings.

2) The Clerk is directed to close this case after transfer has been effected.

**DONE AND ORDERED** at Tampa, Florida, on March 8, 2006.

s/
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[2] See Local Rule 1.02(b)(2).

[3] See Local Rule 1.02(b)(3).

[4] See Local Rule 1.02(b)(4).